## PROSKEY v. MANNING.

### SIROTTA v. SAME.

### (Supreme Court, Appellate Term. May 15, 1908.)

CORPORATIONS—SUBSCRIPTION TO STOCK—CONSTRUCTION—WITHDRAWAL — EXPENSE DEDUCTIONS.

> An installment subscription contract for stock in a proposed trust company provided that the subscribers might withdraw all payments made upon subscriptions up to and including the sixth month, and that, after deducting the expense charge of 8 per cent., the withdrawing subscriber should receive the balance of moneys paid in with interest at a certain rate. The subscription agreement also provided that a certain trust company should be the trustee to act as a custodian of moneys paid on subscription on the terms set forth in the articles of agreement between the promoter and another trust company bearing a date named, and recited that the agreement was lodged with the other trust company and should be deemed a part of the subscription agreement, and was thereby ratified and confirmed by each of the parties thereto. A clause of the agreement referred to provided that the promoter should receive from the trustee 8 per cent. of the subscription price of the stock and surplus as compensation, payable out of the first monthly payment, etc. *Held*, that the 8 per cent. deduction mentioned in the subscription contract was to be computed upon the entire subscription, and not merely on the installments paid before withdrawal.

Appeals from Municipal Court, Borough of Manhattan, Second District.

Actions by David Proskey, and by Herman Sirotta against Ira A. Manning. From judgments for plaintiffs, defendant appeals. Reversed, and new trials ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Collin, Wells & Hughes, for appellant.
Leopold W. Harburger, for respondents.

GIEGERICH, J. The actions were brought by the respective plaintiffs as subscribers for shares of stock of a proposed trust company, to be called the "United People's Trust Company," against the defendant, who acted as promoter of the enterprise, and with whom the plaintiffs made the subscription agreements. By the terms

of the agreement the subscribers were to pay $50, the par value of each share, and in addition to that $16 on each share, which was to be used for the purpose of creating a surplus, thus making a total of $66 a share, which amount was to be paid in monthly installments of $5.50 each. The plaintiffs made three installment payments under their respective subscriptions. Among the provisions contained in the subscription agreement entered into between the parties was the following:

"(6) Subscribers to the stock of the proposed trust company shall be privileged to withdraw all payments made by them upon their subscriptions, up to and including the sixth month after the date of subscription, and notice of such intention to withdraw shall be given to the 'promoter' and immediately filed with the 'trustee' and be approved by the organization board and after deducting an expense charge of 8 per cent. the withdrawing subscriber shall be entitled to receive the balance of moneys paid by him with interest at three (3) per cent. per annum from date of his second payment. The privilege to withdraw moneys shall exist for a period of six (6) months after date of subscription by each of the subscribers, and thereafter the subscription shall become absolute, and the subscribers shall be legally bound to pay the entire amount due upon their respective subscriptions."

When the plaintiffs availed themselves of their option to withdraw, they received back from the trustee, which had acted as custodian of the installment payments, the residue of their payments, after deducting therefrom eight per cent. upon the entire subscriptions; whereas the plaintiffs claim, and the court below held, that the eight per cent. deduction provided for in the contract should have been made only upon the aggregate of the installments actually paid in, and not upon the full value of the shares subscribed for. Under the clause of the contract above quoted there might be considerable doubt as to which of the two constructions was intended by the parties; but there is another provision which, to my mind, is controlling upon the point. The second clause of the subscription agreement provides that the Trust Company of Philadelphia—

"shall be the trustee to act as custodian on moneys paid on subscription, upon the terms and conditions fully set forth in articles of agreement made between the said Ira A. Manning and the People's Trust Company of Philadelphia, bearing date the 15th day of February, A. D. 1907, a copy of which agreement is lodged with the People's Trust Company of Philadelphia, which said agreement shall be deemed to be part hereof, and is hereby ratified and confirmed by each of the parties hereto."

I take it that there is no ground for debate on the proposition that this reference in the subscription contract was effective to accomplish what it purported to accomplish, and incorporated the provisions of such articles of agreement in the subscription contract. The fourth clause of such articles of agreement is as follows:

"(4) As compensation to the 'promoter' he shall receive from the trustee eight per cent. (8%) of the subscription price of the stock and surplus, payable out of the first monthly payment, and on Friday of each week the said trustee shall pay to said promoter the amount to which he is entitled as aforesaid, and the receipt of the promoter shall be a full and absolute release and discharge to the trustee and shall be binding upon all subscribers."

The paragraph just quoted clears up whatever ambiguity there might be in the subscription contract, and makes it abundantly plain that the

8 per cent. mentioned is to be computed upon the entire subscription price, and not merely upon the installments that should be paid prior to the subscriber's withdrawal. This view as to the construction of the contract renders it unnecessary to discuss certain other points raised on behalf of the appellant.

The judgments should be reversed, and new trials ordered, with costs to the appellants to abide the event. All concur.